**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

CORAL GROUP, INC., et al.,

      *Plaintiffs*,

vs.

      Case No. 09-2291-EFM

SHELL OIL COMPANY, et. al.,

      *Defendants.*

## MEMORANDUM AND ORDER

Plaintiffs, Coral Group, Inc. ("Coral") and Sentis Group, Inc. ("Sentis"), assert state law claims for breach of contract and conversion against Defendants, Shell Oil Company and Equilon Enterprises LLC, doing business as Shell Oil Products US ("Shell Products"). This matter is presently before the Court on Defendants' motion to transfer venue and dismiss Plaintiffs' complaint (Doc. 9). For the reasons stated below, the Court grants in part and denies in part Defendants' motion. In light of this finding, the Court denies Plaintiffs' motion to reconsider order granting Defendants an extension of time to comply with their Rule 26(f) obligations (Doc. 20).

## I. BACKGROUND

On October 14, 2003, Coral, a Kansas corporation located in Kansas, entered into an agreement with Defendant Shell Products to operate fifteen Shell-brand gasoline stations in the Kansas City, Kansas area. One day later, Plaintiff Sentis, a Missouri corporation located in Missouri, entered into an agreement with Defendant Shell Products to operate fourteen Shell-

brand gasoline stations in the Kansas City, Missouri area. The terms governing the October 2003 agreements, at least those relevant to this case, were the same. Both agreements were set to expire on October 31, 2006.

On July 15, 2005, believing that Defendants had made misrepresentations to them and had breached the October 2003 agreements, Plaintiffs filed an action against Defendants in the Western District of Missouri, Case Number 05-0633-CV-W-DW ("Missouri Case"), asserting claims of fraud, breach of contract, breach of fiduciary duty, violation of the Petroleum Marketing Practices Act, violation of Missouri franchise law, and breach of the duty of good faith and fair dealing. A little over a year later, Defendants filed a motion for sanctions, claiming that Plaintiffs had engaged in conduct that violated both court orders and the discovery rules. On December 15, 2006, the presiding judge in the Missouri Case held a hearing and addressed, among other things, Defendants' motion for sanctions. After hearing Defendants' argument regarding their motion, the court stated, "I'm granting the defendant's motion to dismiss this case [with prejudice] for systematic abuse of the discovery process."

Following the hearing, on January 9, 2007, Defendants mailed Plaintiffs a letter advising them that it had drawn on the Plaintiffs' Irrevocable Standby Letters of Credit ("IBLOCs")[1] in their full amount, or $240,000.[2] According to the letter, Defendants' decision to draw on the IBLOCs was premised upon two beliefs: (1) that they were the prevailing party in the Missouri

---

[1]Pursuant to paragraph four of the October 2003 agreements, Plaintiffs were to maintain IBLOCs with Defendant Shell Products in the amount of $10,000 per location throughout the term of their agreement. As stated in the 2003 agreements and the conversion agreement, which Plaintiffs and Defendant Shell Products entered into near the expiration of the 2003 agreements in order to facilitate the transfer of operations back to Defendant Shell Products, Defendant Shell Products was to release the IBLOC funds upon the expiration of the 2003 agreements unless Plaintiffs owed them money.

[2]There was $240,000, as opposed to $290,000, in IBLOC funds because in 2005 Defendant Shell Products sold five of the gas stations that Plaintiffs had originally agreed to operate.

Case, which, pursuant to paragraphs 26 and 27 of the October 2003 agreements, meant that Plaintiffs had to reimburse them for their reasonable attorneys fees and costs; and (2) that their reasonable fees and costs greatly exceeded $240,000.[3]

On June 14, 2007, the Missouri Case court issued a written order memorializing the ruling it had made during the December 15 hearing. Fifteen days later, Plaintiffs filed their notice of appeal. On March 24, 2009, the Eighth Circuit issued an opinion reversing the district court's dismissal, remanding the case for further proceedings, and reassigning the case to a new district court judge. Defendants petitioned the Circuit for a rehearing en banc. While that petition was pending, Plaintiffs mailed a letter to Defendants requesting that they return the $240,000 in IBLOC funds. Defendants denied Plaintiffs' request, stating that Plaintiffs' demand for return of the IBLOC funds was premature because Defendants' petition had not been ruled on yet.

Following Defendants' denial, and with Defendants' petition still pending, Plaintiffs filed the present suit with this Court on June 5, 2009, claiming that Defendants had both breached the October 2003 agreements and the conversion agreement, which Coral, Sentis, and Shell Products entered into near the expiration of the 2003 agreements in order to facilitate the transfer of operations back to Shell Products, and committed conversion by keeping the $240,000 in IBLOC funds when Plaintiffs owed them no money. On June 30, 2009, Defendants motioned the Court to transfer the present case to the Western District of Missouri and dismiss Plaintiffs' complaint.

---

[3]On December 20, 2006, Defendants filed a motion seeking recovery of the attorney fees and costs that they had incurred from the Missouri Case.

## II. ANALYSIS

Defendants argue that this case should be transferred to the Western District of Missouri pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[4] The decision whether to grant a party's transfer request lies "within the sound discretion of the district court."[5] In determining whether to grant a motion for transfer, the Court should consider the following factors: (1) plaintiff's choice of forum; (2) the convenience for witnesses; (3) the accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) all other considerations of a practical nature that make a trial easy, expeditious, and economical.[6] The party moving for transfer, as Defendants have done in this case, "bears the burden of demonstrating that transfer is appropriate and that the balance of considerations tilt strongly in favor of transfer."[7]

Here, due to the close physical proximity of this District and the Western District of Missouri, factors two and three are neutral.[8] Furthermore, because Plaintiffs do not argue, and the Court does not find, that Plaintiffs will be unable to obtain a fair trial in Missouri, factor four is also neutral. Therefore, the Court's determination of whether to grant Defendants' request hinges upon whether the combined weight of factors one and five strongly favors transfer.

---

[4]Plaintiffs do not challenge Defendants' assertion that this case could have been brought in the Western District of Missouri.

[5]*Schecher v. Purdue Pharma. L.P.*, 317 F. Supp. 2d 1253, 1261 (D. Kan. 2004).

[6]*Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991).

[7]*Schecher*, 317 F. Supp. 2d at 1261.

[8]*See Eagle Star Group, Inc. v. R.J. Ahmann Co.*, 2007 WL 2042523, at *2 (D. Kan. July 12, 2007).

**Factor One**

As a general rule, the plaintiff's choice of forum is given great deference.[9]  However, in certain circumstances, such as when the plaintiff expresses a willingness to transfer at least a part of their case to another forum,[10] appears to be engaging in forum shopping,[11] or attempts to transfer their case to another venue,[12] the Court affords little to no deference to the plaintiff's choice of forum.  Here, because it appears that Plaintiffs' choice of forum is a result of forum shopping or, more accurately, judge shopping, Plaintiffs' choice of forum is entitled to less deference.  At the time Plaintiffs filed the present action, which arises out of the Missouri Case and is based, in part, on the same two agreements that are at issue in that case, Defendants' petition for a rehearing en banc was still pending.  Thus, at the time of filing, it was still possible that the district court's dismissal would be reinstated or that the Missouri Case would be remanded back to the same judge who had previously dismissed it with prejudice because he had found that Plaintiffs had violated court orders and the discovery rules.  In their response, Plaintiffs deny the charge that they filed this action here, as opposed to the Western District of Missouri, because they wanted to avoid a particular judge; Plaintiffs claim that their primary reason for filing here was that they believed that the matter would be resolved the quickest in this District.  While it is possible that Plaintiffs' motive behind filing the present action here was benign, the Court, based on the timing of this action and

---

[9]*See Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992).

[10]*See Sheldon v. Khanal*, 605 F. Supp. 2d 1179, 1189 (D. Kan. 2008).

[11]*See Hall-Kimbrell Environmental Services, Inc. v. Archdiocese of Detroit*, 878 F. Supp. 1409, 1416 (D. Kan. 1995); *see also Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) ("If there is any indication that plaintiff's choice of forum is the result of forum shopping, plaintiff's choice will be accorded little deference.").

[12]*See Leiker v. Jarvis Products Corp.*, 1990 WL 112974, at *2 (D. Kan. July 10, 1990).

its factual underpinnings, is not persuaded that it was. As a result, the Court assigns little weight to Plaintiffs' choice of forum.

**Factor Five**

Defendants contend, albeit indirectly, that practical considerations weigh strongly in favor of transfer because allowing this case to proceed as is would waste judicial resources and could lead to inconsistent results. In their response, Plaintiffs argue that Defendants' contention is erroneous because the Missouri Case does not raise related issues and the resolution of that case will have no impact on this case. Plaintiffs further claim in their response that transfer will neither enhance judicial efficiency, as the Missouri Case has been reassigned to a new judge, nor result in the timely disposition of their two cases, as they are at different stages procedurally.

After reviewing the parties' submissions, the Court agrees with Defendants that the transfer of this case to the Western District of Missouri will promote judicial economy. The simultaneous prosecution in different courts of substantially similar actions is unnecessarily duplicative and a waste of judicial resources.[13] Here, even though, as pointed out by Plaintiffs, this case and the Missouri Case are not identical, they are substantially similar. Both involve claims that are based on the October 2003 agreements and the relationships that they created.[14] Furthermore, this case

---

[13]*See Eagle Star Group, Inc.*, 2007 WL 2042523, at *2; *Accessible Technologies, Inc. v. Vortech Engineering, Inc.*, 1999 WL 588218, at *2 (D. Kan. July 16, 1999).

[14]*See Trinity Indus., Inc. v. 188 L.L.C.*, 2002 WL 31245374, at *2 (N.D. Tex. Oct. 2, 2002) (declaring that two cases are substantially related because they both involve "breach of contract actions regarding the same contract").

arises out of the Missouri Case. Therefore, judicial resources will be conserved by having both of these cases tried in the same district.[15]

The fact that the judge now assigned to the Missouri Case has no greater knowledge of the October 2003 agreements than this Court does not diminish the economy that will be gained from transfer. Regardless of what level of familiarity that the Missouri Case judge has with the agreements, judicial efficiency will be enhanced by having only one district expend its limited resources to interpret and apply the October 2003 agreements. As a result, the Court finds that the practical consideration of judicial economy militates strongly in favor of transfer.

As for Plaintiffs' argument that transfer will not facilitate the prompt resolution of this matter, it carries little weight here. Based on Plaintiffs' representation, any delay they may suffer will be minimal. In the Missouri Case, fact discovery is closed and the parties have already filed their summary judgment motions. Thus, consolidating this case, which is just beginning, with that one should not significantly delay the adjudication of the present case. Furthermore, the consolidation of the two cases should not result in a considerable delay of the Missouri Case because, as admitted by Plaintiffs in their pleadings, this case is straightforward and should require limited discovery. Therefore, in light of the fact that any delay Plaintiffs may suffer will likely be slight, Plaintiffs' asserted interest in having their cases timely resolved does not weigh very heavy in the Court's analysis.

In sum, after balancing the relevant factors, the Court concludes that this case should be transferred to the Western District of Missouri. The efficiency gained from trying both this case and

---

[15]*See Talent Tree Crystal, Inc. v. DRG, Inc.*, 2005 WL 3312554, at *5 (W.D. Mich. Dec. 7, 2005) (stating that a transfer will promote judicial economy by obviating the need to pursue two actions involving the same agreement in two different venues).

the Missouri case in the same district far outweighs Plaintiffs' choice of forum and any inconvenience they may suffer. Because the Court concludes that this case should be transferred, it will not address Defendants' argument that certain claims in Plaintiffs' complaint should be dismissed.[16]

Accordingly,

**IT IS THEREFORE ORDERED** that Defendants' motion to transfer and to dismiss (Doc. 9) is hereby GRANTED IN PART and DENIED AS MOOT IN PART. Pursuant to 28 U.S.C. § 1404(a), the Clerk is directed to transfer this matter to the United States District Court, Western District of Missouri.

**IT IS FURTHER ORDERED** that Plaintiffs' motion to reconsider order granting Defendants an extension of time to comply with their Rule 26(f) obligations (Doc. 20) is hereby DENIED.

**IT IS SO ORDERED.**

Dated this 9th day of February, 2010, in Wichita, Kansas.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[16]*See Eagle Star Group, Inc.*, 2007 WL 2042523, at *3.